

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00177-CR

AARON LIVERMAN                                          APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

### FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F-2012-0137-D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Aaron Liverman appeals his conviction for securing execution of a document by deception involving a pecuniary interest of $20,000 or more but less than $100,000.  *See* Tex. Penal Code Ann. § 32.46(a)(1), (b)(5) (West Supp. 2014).  In two issues, Liverman argues that the evidence is insufficient to support

---

[1]*See* Tex. R. App. P. 47.4.

his conviction and that his due process rights were violated. We will reverse the trial court's judgment and render a judgment of acquittal.[2]

## II. Background

On July 22, 2008, Liverman filed a "miscellaneous general fee" affidavit entitled "Claim of Lien" in the Denton County Clerk's Office averring that he had performed $12,000 worth of "labor and/or materials" on a home owned by complainant Katheryn Payne. Because of this filing, the State charged Liverman with securing execution of a document by deception. *See id.* § 32.46. Relevant to this appeal, the indictment alleged that Liverman had caused "Cynthia Mitchell to sign or execute a document affecting the property or service of [Payne.]" The indictment further alleged that the document Liverman had caused Mitchell to "sign or execute" was the affidavit he filed on July 22, 2008.

At a bench trial, Mitchell, the County Clerk for Denton County, testified that her duties as the county clerk included the filing and recording of documents, including "miscellaneous general fee" affidavits. According to Mitchell, if someone brought a document that met "the recording requirements" of such an affidavit, either she or one of her deputies would take "the document, enter[] a certain amount of information into the computer system, take[] payment for [the filing of the document], and record[] the document."

---

[2]This cause was assigned for writing to the author on July 3, 2014.

2

After hearing further testimony not pertinent to this opinion, the trial court found Liverman guilty of securing execution of a document by deception. *See* Tex. R. App. P. 47.1, 47.4. Liverman then pleaded true to the State's enhancement paragraph, and the trial court sentenced him to two years' incarceration and a $500 fine. The trial court then suspended Liverman's sentence and placed him on community supervision for two years. After the trial court entered judgment accordingly, this appeal followed.

### III. DISCUSSION

In his first issue, Liverman argues that the evidence is insufficient to support his conviction for securing the execution of a document by deception because the State failed to provide any evidence to demonstrate that the county clerk "signed or executed" his "miscellaneous general fee" affidavit. Liverman's argument is that the actions by the court clerk of filing and recording the affidavit are neither the signing nor the executing of a document and that, thus, the State failed to provide evidence of this element of the charged offense.

The State counters that when the court clerk affixed her signature to the affidavit's court-created cover sheet attesting that the affidavit had been filed and recorded in the "Official Records of Denton County, Texas," and when the court clerk then filed and recorded the affidavit, she put the "miscellaneous general fee" affidavit into its final legal form; thus, under the clear terms of the statute, it

3

introduced sufficient evidence to satisfy this element of the offense. We agree with Liverman.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). If we conclude that the evidence is insufficient under this standard, we must reverse the judgment and render a judgment of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

In this case, the State charged Liverman with securing the execution of a document by deception under Texas Penal Code section 32.46(a)(1). *See* Tex. Penal Code Ann. § 32.46(a)(1). Section 32.46(a)(1) states that "[a] person commits an offense if, with intent to defraud or harm any person, he, by deception: (1) causes another to sign or execute any document affecting property or service or the pecuniary interest of any person." *Id.* (emphasis added).

When a statute is unambiguous, we are required to give effect to the plain meaning of the words unless doing so would lead to absurd results. *See Boykin v. State*, 818 S.W.2d 782, 785–86 n.4 (Tex. Crim. App. 1991); *Uribe v. State*, 7 S.W.3d 294, 296 (Tex. App.—Austin 1999, pet. ref'd). We presume that the

4

legislature used every word and phrase in a statute for a purpose. *See Uribe*, 7 S.W.3d at 296.

A corollary to the presumption that every statutory word and phrase used has a legislative purpose is that when the legislature uses certain language in one part of the statute and different language in another, we presume different meanings were intended. *See Morter v. State*, 551 S.W.2d 715, 718 (Tex. Crim. App. 1977) ("Every word of a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence, clause, phrase and word be given effect if reasonably possible."); *see also Sosa v. Alvarez–Machain*, 542 U.S. 692, 711 n.9, 124 S. Ct. 2739, 2754 n.9 (2004) (reasoning that different words used in the same, or a similar, statute are assigned different meanings whenever possible); *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995) ("DeWitt's argument is founded on the familiar canon of construction that 'when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.'") (quoting 2A N. Singer, Statutes and Statutory Construction § 46:06 (5th ed. 1992)).

Here, this court needs to look no further than two of the subsections of section 32.46 to ascertain that the conduct of the court clerk filing and recording the "miscellaneous general fee" affidavit in this case was not the signing or executing of a document as contemplated by subsection 32.46(a)(1). In

subsection 32.46(a)(1), the focus of the prohibited conduct is causing one to "sign or execute" a document, but the focus of the prohibited conduct in subsection 32.46(a)(2) is causing a public servant to "file or record" a fraudulent document. Tex. Penal Code Ann. § 32.46(a). If, as the State argues in this case, we were to interpret subsection 32.46(a)(1)'s provision of "sign or execute" to include "filing" and "recording," then we would violate the presumption that different meanings were intended by the legislature when it used "sign or execute" in subsection 32.46(a)(1) and "file or record" in subsection 32.46(a)(2). *DeWitt*, 904 S.W.2d at 653.

In oral arguments and in its brief, the State used the terms "filing and recording" and "sign or execute" interchangeably. The legislature, however, did not. *See* Tex. Penal Code Ann. § 32.46(a). Because the legislature chose to use language differentiating "sign or execute" from "file or record" within the same statue, we hold that the plain meaning of the words "sign or execute" in subsection 32.46(a)(1) does not include the action of a court clerk filing and recording a document. Although the State presented evidence that the county clerk in this case filed and recorded the affidavit in question, it provided no evidence that the county clerk otherwise signed or executed it as contemplated by Texas Penal Code section 32.46(a)(1). *Id.*

Furthermore, to the extent that the State now argues on appeal that there exists sufficient evidence that the document was "sign[ed] or execute[d]" because

6

the county clerk affixed her signature to the affidavit's court-created cover sheet attesting that the affidavit had been filed and recorded, we conclude that the State's argument is misplaced. *See id.* The indictment charged Liverman with causing the county clerk to sign or execute his "miscellaneous general fee" affidavit, which is attached to the indictment and does not include the court-created cover sheet. Thus, the indictment did not charge Liverman with having caused the court clerk to sign or execute the court-created cover sheet; therefore, the signed cover sheet is not proof of the alleged charge. *See Byrd v. State*, 336 S.W.3d 242, 247 (Tex. Crim. App. 2011) ("A variance of this type is actually a failure of proof because the indictment sets out one distinct offense, but the proof shows an entirely different offense.").

The State failed to provide any evidence from which a rational trier of fact could have found the essential element that Liverman caused the court clerk to "sign or execute" Liverman's "miscellaneous general fee" affidavit, and we therefore sustain his first issue. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Winfrey*, 393 S.W.3d at 768.

Because we sustain Liverman's first issue, we need not address his second issue. *See* Tex. R. App. P. 47.1. Furthermore, because we hold that the evidence is insufficient to support an essential element of Liverman's conviction, we must enter a judgment of acquittal. *See Tibbs*, 457 U.S. at 41, 102 S. Ct. at 2218.

## IV. Conclusion

Having sustained Liverman's first issue and having not addressed his second issue, we reverse the trial court's judgment and render a judgment of acquittal. *See* Tex. R. App. P. 43.2(c), 51.2(d); *Greene v. Massey*, 437 U.S. 19, 24–25, 98 S. Ct. 2151, 2154–55 (1978).

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

PUBLISH

DELIVERED: October 9, 2014

8