RECEIVED IN
COURT OF CRIMINAL APPEALS

August 17, 2015

ABEL ACOSTA, CLERK

PD-1596-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/14/2015 2:56:25 PM
Accepted 8/14/2015 3:21:13 PM
ABEL ACOSTA
CLERK

**NOS. PD-1595-14 and PD-1596-14**

# IN THE
# COURT OF CRIMINAL APPEALS OF TEXAS

ROGER LIVERMAN and AARON LIVERMAN,
*Appellants-Respondents,*

v.

THE STATE OF TEXAS,
*Appellee-Petitioner.*

On State's Petition for Discretionary Review

Court of Appeals of Texas, Second District
Case No. 02-13-00176-CR

362nd District Court, Denton County
Cause No. F-2012-0136-D and F-2012-0137-D

## BRIEF OF *AMICUS CURIAE* OF THE
## TEXAS CONSTRUCTION ASSOCIATION

John S. Polzer
State Bar No. 24042609
jpolzer@canteyhanger.com
Christopher A. Brown
State Bar No. 24086265
cbrown@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street. Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Facsimile: (817) 817-2807

# IDENTITY OF PARTIES AND COUNSEL

Appellants/Respondents: Roger Liverman and Aaron Liverman

Appellate Counsel: Matthew J. Kita
P.O. Box 5119
Dallas, Texas 75208

Trial Counsel: Lea Ann Breading
121 West Hickory Street, Suite
133 Denton, Texas 76209

Jerry Cobb
P.O. Box 1399
Denton, Texas 76202

Appellee/Petitioner: The State of Texas

Appellate Counsel: Lara Tomlin
Denton County District Attorney's
Office 1450 East McKinney Avenue
Denton, Texas 76209

Trial Counsel: Rick Daniel
Lindsey Sheguit
Denton County District Attorney's
Office 1450 East McKinney Avenue
Denton, Texas 76209

*Amicus* states that no party or parties' counsel authored any part of this brief or paid any costs associated with its preparation, and *amicus curiae*, its members, or its counsel, did not contribute money that was intended to fund preparing or submitting the brief.

Respectfully submitted,

/s/ John S. Polzer
John S. Polzer

## CONSENT OF PARTIES

I hereby certify that *Amicus Curiae* conferred with counsel for appellee. Appellee consented to the filing of this brief.

/s/ John S. Polzer
John S. Polzer

# TABLE OF CONTENTS

Identity of Interested Parties ................................................................... ii

Consent of Parties ................................................................................. iii

Table of Contents ................................................................................. iv

Table of Authorities ..............................................................................vi

Interest of Amicus Curiae ................................................................... viii

Issue Presented....................................................................................ix

Statement of Facts...............................................................................1

Summary of The Argument ...................................................................2

Argument.............................................................................................3

    A.    The Purpose of Filing a Lien Affidavit is to Secure
           Payment, Not to be an Avenue for Punishment. ...................................3

    B.    County Clerks Have No Discretion When Given
           Lien Affidavit to File........................................................................5

    C.    There Are Reasonable Ways to Remove a Lien
           Without Bringing Criminal Charges .....................................................6

        i.   There is a Sufficient Civil Penalty for Filing an
           Invalid Lien Under Texas Civil Practice and
           Remedies Code 12.002................................................................7

        ii. An Invalid or Unenforceable Lien Can Be
           Removed Under Texas Property Code 53.160 ..............................8

        iii. A Lien Can Be Bonded Around Under Texas
           Property Code Section 53.171 .....................................................9

        iv. A Lien Can Be Discharged Under Property
           Code 53.157 .............................................................................10

v. There Are Limitations on Liens That Prevent
Claimant From Improper Payment ...................................................11

vi. A Lien Filed with An Error Can Be Amended ..............................11

Conclusion ........................................................................................12

Prayer .............................................................................................12

Certificate of Compliance ..............................................................13

Certificate of Service .....................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                        **Pages**

*Big Three Welding Equip. Co. v. Crutcher, Rolfs, Cummings, Inc.*,
    229 S.W.2d 600 (Tex. 1950) ...................................................................4

*CVN Grp. v. Delgado*, 95 S.W.3d 234 (Tex. 2002)......................................3

*First Nat'l. Bank v. WhirlPool Corp.*, 517 S.W.2d 262 (Tex. 1974) ........4

*Liverman v. State*, 448 S.W.3d 155 (Tex. App.—Fort Worth 2014,
    pet. granted) ........................................................................................1, 2

*Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409 S.W.3d 221
    (Tex. App.—Houston [14th Dist.] 2013, pet. denied)..................................11

*Occidental Neb. Fed. Sav. Bank v. East End Glass Co.*, 773
    S.W.2d 687 (Tex. App.—San Antonio 1989, no writ)...................................4

*Ready Cable, Inc. v. RJP S. Comfort Co.*, 295 S.W.3d 763 (Tex.
    App.—Austin 2009, no pet.) .........................................................................5

**Rules**

TEX. CIVIL PRAC. & REM. CODE 12.002................................................................7, 8

TEX. PENAL CODE § 32.46(a)(1) ...................................................... viii, 1, 2, 3, 5, 12

TEX. PENAL CODE § 37.01...........................................................................................7

TEX. PROP. CODE §§ 53.021-.023...............................................................................3

TEX. PROP. CODE § 53.024 .......................................................................................11

TEX. PROP. CODE § 53.052 ...........................................................................5, 6, 7, 10

TEX. PROP. CODE § 53.152 .......................................................................................10

TEX. PROP. CODE § 53.157 .......................................................................................10

TEX. PROP. CODE § 53.158 .......................................................................................10

TEX. PROP. CODE § 53.160 ..................................................................................8, 9, 10

TEX. PROP. CODE § 53.161 .......................................................................................10

TEX. PROP. CODE § 53.171 ....................................................................................9, 10

TEX. PROP. CODE § 53.172.........................................................................................9

TEX. PROP. CODE § 53.173 .......................................................................................10

TEX. PROP. CODE § 53.174.........................................................................................10

TEX. PROP. CODE § 53.175 ...................................................................10

TEX. PROP. CODE § 53.208 ...................................................................10

# INTEREST OF *AMICUS CURIAE*

The Texas Construction Association represents the interests of subcontractors and suppliers. The Texas Construction Association has an interest in not only legislation that affects its industry, but also the application of laws that affect its industry.

# **ISSUE PRESENTED**

Should the filing of an invalid lien affidavit be a crime under Texas Penal Code Section 32.46(a)(1)?

## STATEMENT OF FACTS

This case arises from the filing of a lien affidavit by Roger Liverman with the Denton County Clerk. *Liverman v. State,* 448 S.W.3d 155 (Tex. App.—Fort Worth 2014, pet. granted).

On July 22, 2008, Roger Liverman ("Liverman") filed a mechanic's lien affidavit in the Denton County Clerk's Office asserting he had performed $45,000 worth of "labor and/or materials" on a home owned by Katheryn Payne ("Payne"). *Id.* at 156. The County Clerk filed and recorded the affidavit. *See id.* at 157.

Liverman assisted Payne in the remodel of a residential property including: installation of the HVAC system, tape-and-bed work, painting the kitchen and bathroom, installing French doors and light fixtures, putting a roof on the chicken coop, and installing appliances.[1] Payne admitted that she did not pay Liverman for any of the above-referenced work.[2] Payne was ultimately successful in removing the lien through a civil lawsuit.[3] However, Payne also filed a complaint with the Denton County District Attorney, and the State indicted Liverman for "securing the execution of a document by deception under the Texas Penal Code Section 32.46(a)(1)."[4] That section states that "[a] person commits an offense if, with intent to defraud or harm any person, he, by deception: (1) causes another to *sign* or

---

[1] 3 RR 49:18-19; 3 RR 51:13-16; 3 RR 54:23-55:3; 3 RR 55:8-16; 3 RR 57:16-22; 3 RR 59:19-60:2; 3 RR 69:25-70:24.
[2] 3 RR 71:19-22.
[3] 3 RR 96:13-17; 203: 16-20.
[4] 3 RR 47:6-8; CR 5-7; 3 RR 200:1-16.

1

*execute* any document affecting property or service of the pecuniary interest of any person." TEX. PENAL CODE § 32.46(a)(1)(emphasis added).

The document that was alleged to have been secured by deception is the lien affidavit Liverman filed on July 22, 2008. *Liverman v. State,* 448 S.W.3d at 157. The trial court found him guilty of securing execution of a document by deception, marking the first time this Penal Code section had been used to prosecute an affidavit lien filer. *Id.* Liverman was sentenced to ten years in prison (suspended for ten years), fined $5,000, and ordered to pay $17,500 in restitution as a condition of his community supervision.[5] On appeal, the Fort Worth Court of Appeals acquitted Liverman on October 9, 2014, finding the evidence insufficient to support a conviction. *Id.* at 159. The court reasoned that the court clerk *filing* and *recording* the mechanic's lien affidavit was not the *signing* or *executing* of a document as contemplated by subsection 32.46(a)(1). *Id.*

## SUMMARY OF THE ARGUMENT

The Court of Appeals correctly concluded that the evidence at trial was legally insufficient to convict Liverman of "securing the execution of a document by deception" under section 32.46(a)(1) of the Texas Penal Code because the State failed to offer any evidence that the Denton County Clerk "signed or executed" a document affecting property. In addition, a criminal penalty under section

---

[5] CR 65-68.

2

32.46(a)(1) for filing a lien affidavit if the property owner ultimately prevails on a dispute would be devastating for the construction industry because there are existing statutory schemes to reasonably address an invalid lien, which do not involve the threat of criminal penalty. The Legislature provided for a punishment scheme in various statutes; therefore, such an expansive reading of section 32.46(a)(1) is both unreasonable and excessive.

## **ARGUMENT**

### A. *The Purpose of Filing a Lien Affidavit is to Secure Payment, Not to be an Avenue for Punishment.*

The Texas Property Code sets forth how persons who provide labor or materials for certain construction projects on real property must file a proper mechanic's lien. *See* TEX. PROP. CODE §§ 53.021-.023. A mechanic's lien under the Texas Property Code secures payment for: 1) the labor done or material furnished for the construction or repair; 2) the specially fabricated material, or 3) the preparation of a plan or plat by an architect, engineer, or surveyor. *Id. at* § 53.021(c). The statutory lien under Chapter 53 of the Property Code reflects an attempt to create a workable balance among various and often antagonistic interests, protecting not only contractors and suppliers, but also lenders and property owners. *CVN Grp. v. Delgado,* 95 S.W.3d 234, 247 (Tex. 2002).

The purpose behind liens is clearly laid out by the Texas Supreme Court when it stated:

3

> The giving of liens to those who furnish materials and labor for works of improvement or construction, with the according of priorities to those liens, is based upon the just consideration that a person who by his labor or material expended on improvements made on the land of another, under contract, express or implied, shall be paid for.

*Big Three Welding Equip. Co. v. Crutcher, Rolfs, Cummings, Inc*., 229 S.W.2d 600, 603 (Tex. 1950).

Mechanic's and materialman's lien statutes are to be liberally construed for the purpose of protecting laborers and materialmen. *First Nat'l. Bank v. WhirlPool Corp.,* 517 S.W.2d 262, 269 (Tex. 1974). Generally, for purposes of perfecting the lien, only substantial compliance is required in order to fulfill the statutory requirements. *Occidental Neb. Fed. Sav. Bank v. East End Glass Co.,* 773 S.W.2d 687, 688 (Tex. App.—San Antonio 1989, no writ).

Based on the Property Code and case law, the purpose for filing a lien is to secure payment. The rules put in place for filing liens are there to protect the construction industry and to protect laborers and materialmen. An error in the lien affidavit should not be used in order to criminally charge an industry participant when the lien laws are in place to protect those seeking payment. For the construction industry, filing of a lien is done in order to secure payment, it should not be an avenue of punishment if the lien is ultimately removed or if the lien affidavit is somehow invalid.

**B.** *County Clerks Have No Discretion When Given Lien Affidavit to File*

County Clerks have no discretion when it comes to filing mechanic's lien affidavits in the county records and therefore a filer should not be punished under Texas Penal Code section 32.46(a)(1) if an invalid lien affidavit is filed.

Under the Texas Property Code, the county clerk **shall** record the affidavit in records kept for that purpose and **shall** index and cross-index the affidavit in the names of the claimant, the original contractor, and the owner. TEX. PROP. CODE § 53.052(c) (emphasis added). Failure of the county clerk to properly record or index a filed affidavit does not invalidate the lien. *Id.* A clerk **cannot** refuse a lien affidavit if there is no legitimate basis. *See Ready Cable, Inc. v. RJP S. Comfort Co.*, 295 S.W.3d 763 (Tex. App.—Austin 2009, no pet.)(emphasis added).

Cynthia Mitchell, the Denton County Clerk testified in the trial court that if a county clerk is unaware that a lien is blatantly false or fraudulent, the affidavit would be recorded by the clerk if it met the recording requirements.[6]

The required contents of the affidavit include: 1) a sworn statement of the amount of the claim; 2) the name and last known address of the owner or reputed owner; 3) a general statement of the kind of work done and materials furnished by the claimant and, for a claimant other than an original contractor, a statement of each month in which the work was done and materials furnished for which

---

[6] 3 R.R. 20:6-8.

payment is requested; 4) the name and last known address of the person by whom the claimant was employed or to whom the claimant furnished the materials or labor; 5) the name and last known address of the original contractor; 6) a description, legally sufficient for identification, of the property sought to be charged with the lien; 7) the claimant's name, mailing address, and, if different, physical address; and 8) for a claimant other than an original contractor, a statement identifying the date each notice of the claim was sent to the owner and the method by which the notice was sent.

For example, a review of the affidavit by the county clerk will not alert the clerk to an error in the amount stated in the affidavit. Because of this, an invalid affidavit filed with the clerk will very likely be recorded because the clerk has no discretion to determine whether an affidavit is invalid. As there is no discretion on the part of the clerk, there are other ways to remedy an invalid affidavit, short of criminal penalties, as shown below.

### C. *There Are Reasonable Ways to Remove a Lien Without Bringing Criminal Charges*

In addition to the statutory requirements to be included within the lien itself, a person claiming a lien must file an affidavit with the county clerk of the county in which the property is located, not later than the 15th day of the fourth calendar month after the day on which the indebtedness accrues. TEX. PROP. CODE §53.052(a). If the lien arises from a residential construction project the affidavit

must be filed not later that the 15th day of the third calendar month after the day on which the indebtedness accrues. *Id.* at §53.052(b). If a lien affidavit contains an error, there are numerous solutions to fix this problem.

### i. *There is a Sufficient Civil Penalty for Filing an Invalid Lien Under Texas Civil Practice and Remedies Code 12.002*

There is no need for a criminal penalty for filing an invalid lien, as there is already a sufficient quasi-criminal penalty imposed under Texas Civil Practice and Remedies Code 12.002. Section 12.002 essentially operates as a fine to the wrongdoer, stating:

(a) A person may not make, present, or use a document or other record with:
  (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
  (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
  (3) intent to cause another person to suffer:
    (A) physical injury;
    (B) financial injury; or
    (C) mental anguish or emotional distress.
        A person who violates section 12.002(a) is liable to each injured person for the greater of $10,000 or the actual damages caused by the violation. TEX. CIV. PRAC.

7

& REM. CODE §12.002(b)(1)(A-B). Additionally, for a violation of 12.002, a person is liable for court costs, reasonable attorney's fees, and exemplary damages in an amount determined by the court. *Id.* at 12.002(b)(2-4).

This punishment is sufficient and an expansion of the Penal Code to cover a violation that it has never before been construed to cover, is not warranted.

ii. ***An Invalid or Unenforceable Lien Can Be Removed Under Texas Property Code 53.160***

In a suit brought to foreclose a lien or to declare a claim or lien invalid or unenforceable, a party objecting to the validity or enforceability of the claim or lien may file a summary motion to remove the invalid or unenforceable lien. *See* TEX. PROP. CODE 53.160.

The Texas Property Code provides various potential objections to the validity or enforceability of the claim, which include: 1) notice was not properly furnished to the owner or original contractor; 2) the affidavit does not comply with statutory requirements; 3) notice of filed affidavit was not furnished to the owner; 4) statutory deadlines not met; 5) all funds subject to the notice of the claim to the owner and a notice regarding the retainage have been deposited into the registry of the court and the owner has no additional liability to the claimant; 6) statutory requirements not met for lien filed on homestead property; and 7) the claimant

8

executed a valid and enforceable waiver or release of the claim or lien claimed in the affidavit.[7]

The importance of Texas Property Code 53.160 is twofold. One, it is important to show that there are numerous reasons for a lien to be invalid or unenforceable. Notably, the Texas Legislature drafted seven different grounds for objecting to the validity of the enforceability of the lien. Two, it is important to show that there is an avenue to remove an invalid or unenforceable lien short of a criminal penalty.

### iii. *A Lien Can Be Bonded Around* **Under** *Texas Property Code Section 53.171*

If a lien is fixed or is attempted to be fixed by a recorded instrument any person may file a bond to indemnify against the lien. *See* TEX. PROP. CODE § 53.171.

Under section 53.171, a lien against an owner's property is discharged after: 1) a bond that meets statutory requirements is filed[8]; 2) the notice of the bond is

---

[7] TEX. PROP. CODE § 53.160(b)(1-7).

[8] The bond requirements under TEX. PROP. CODE § 53.172 include that the bond: 1) describe the property on which the liens are claimed; 2) refer to each lien claimed in a manner sufficient to identify it; 3) be in an amount that is double the amount of the liens referred to in the bond unless the total amount claimed in the liens exceeds $40,000, in which case the bond must be in an amount that is the greater of 1-1/2 times the amount of the lines or the sum of $40,000 and the amount of the liens; 4) be payable to the parties claiming the liens; 5) be executed by: a) the party filing the bond as principal; and b) a corporate surety authorized and admitted to do business under the law in this state and licensed by this state to execute the bond as surety; and 6) be conditioned substantially that the principal and sureties will pay to the named obliges or to their assignees the amount that the named obliges would have been entitled to recover if their claims had been proved to be valid and enforceable liens on the property.

issued according to statutory requirements[9]; and 3) the bond and notice are recorded as provided by statutory requirements[10].

In addition to the summary proceeding to remove the lien, a lien can be discharged under section 53.171.

### iv.    *A Lien Can Be Discharged Under Property Code 53.157*

A mechanic's lien or affidavit claiming a mechanic's lien filed under Section 53.052 may be discharged of record by:

1. recording a lien release signed by the claimant under Section 53.152;
2. failing to institute suit to foreclose the lien in the county in which the property is located within the period prescribed by Section 53.158, 53.175, or 53.208;
3. recording the original or certified copy of a final judgment or decree of a court of competent jurisdiction providing for the discharge;
4. filing the bond and notice in compliance with Subchapter H;
5. filing the bond in compliance with Subchapter I;  or
6. recording a certified copy of the order removing the lien under Section 53.160 and a certificate from the clerk of the court that states that no bond or deposit as described by Section 53.161 was filed by the claimant within 30 days after the date the order was entered.

---

[9] The notice requirements under TEX. PROP CODE § 53.173 include: a) after the bond is filed, the county clerk shall issue notice of the bond to all named obliges; b) a copy of the bond must be attached to the notice; c) the notice must be served on each obligee by mailing a copy of the notice and the bond to the obligee by certified United States mail, return receipt requested, addressed to the claimant at the address stated in the lien affidavit for the obligee; and d) If the claimant's lien affidavit does not state the claimant's address, the notice is not required to be mailed to the claimant.

[10] The recording requirements under TEX. PROP CODE § 53.174 state: a) the county clerk shall record the bond, the notice, and a certificate of mailing in the real property records; b) in acquiring an interest in or insuring title to real property, a purchaser, insurer of title, or lender may rely on and is absolutely protected by the record of the bond and the notice to the same extent as if the lien claimant had filed a release of lien in the real property records.

A lien can be discharged without the heavy handed penalty of a criminal charge.

>   **v.**   ***There Are Limitations on Liens That Prevent Claimant From Improper Payment***

The amount of a lien claimed by a subcontractor may not exceed: 1) an amount equal to the proportion of the total subcontract price that the sum of the labor performed, materials furnished, materials specially fabricated, reasonable overhead costs incurred, and proportionate profit margin bears to the total subcontract price; minus 2) the sum of previous payments received by the claimant on the subcontract. TEX. PROP CODE § 53.024. There are safeguards in place which would not allow a member of the construction industry to be unjustly enriched. A lien affidavit filer could never be paid more than the value of the labor performed or materials furnished because of section 53.024, even if a lien affidavit was filed that exceeded this amount.

>   **vi.**   **A Lien Filed with An Error Can Be Amended**

A lien filed with information that needs to be updated or corrected can be amended. *See Lyda Swinerton Builders, Inc. v. Cathay Bank,* 409 S.W.3d 221, 236 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (holding the amended affidavits gave notice of the builder's interest in the property in compliance with the applicable statutes).

If an error has been made on a lien affidavit, it should be amended. An error should not lead to criminal penalties.

## CONCLUSION

Allowing a criminal penalty to be imposed for filing a lien containing errors is a punitive punishment for a problem that already can impose civil penalties and has multiple ways of removing the lien. The Texas Penal Code 32.46(a)(1) should not, for the first time ever, be applied to filing an improper lien affidavit.

## PRAYER

For these reasons, the undersigned requests that this Court affirm the judgment of the Appellate Court.

Respectfully submitted,

/s/  John S. Polzer
John S. Polzer
State Bar No.
jpolzer@canteyhanger.com
Christopher A. Brown
State Bar No. 24086267
cbrown@canteyhanger.com

CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, Texas  76102
Telephone: (817) 877-2800
Facsimile: (817) 817-2807

## CERTIFICATE OF COMPLIANCE

This brief complies with the Texas Rules of Appellate Procedure 9.4(i) because this brief contains 3,033 words, excluding the parts of the brief exempted by this rule, and is typed using Microsoft Word in Times New Roman 14-point font.

/s/ John S. Polzer
John S. Polzer

Dated: August 14, 2015

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August 2015, I filed the foregoing electronically with the Clerk of the Court of Criminal Appeals of Texas. I further certify that I served or caused to be served true and correct copies of the foregoing brief by electronic mail on the following:

Matthew J Kita
Bar No. 24050833
P.O. Box 5110
Dallas, TX 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

**Counsel for Appellants**

Lara Tomlin
Bar No. 24075169
Denton County Assistant District Attorney
1450 East McKinney Avenue
Denton, TX 76209
(940) 349-2600 (phone)
(940) 349-2751 (facsimile)
Lara.tomlin@dentoncounty.com

**Counsel for Appellee**

/s/ John S. Polzer
John S. Polzer