

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00240-CV

ROGER LIVERMAN AND AARON
LIVERMAN

APPELLANTS

V.

DENTON COUNTY, TEXAS,
DENTON COUNTY CRIMINAL
DISTRICT ATTORNEY, PAUL
JOHNSON, LARA TOMLIN, RICK
DANIEL, AND LINDSEY SHEGUIT

APPELLEES

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 16-08473-16

----------

## MEMORANDUM OPINION[1]

----------

This case arises from an unfortunate family dispute among Appellants Roger Liverman and Aaron Liverman, on the one side, and Katheryn Payne Hall (Roger's daughter and Aaron's sister) on the other. The dispute is rooted in a

---

[1]*See* Tex. R. App. P. 47.4.

disagreement over mechanic's liens filed by Appellants against Hall's home in 2008. *See Liverman v. State*, 470 S.W.3d 831, 833–34 (Tex. Crim. App. 2015). As a result of the filings, Appellants were charged with and convicted of securing the execution of documents by deception. *See id.*; Tex. Penal Code Ann. § 32.46(a)(1) (West 2016) (providing that a person commits an offense if, by deception, he "causes another to sign or execute any document affecting property . . . of any person"). This court reversed the convictions and acquitted both Appellants, holding that the county clerk had not "sign[ed] or execut[ed]" the lien affidavits as required to support the conviction. *Liverman v. State*, 448 S.W.3d 155, 159 (Tex. App.—Fort Worth 2014) (mem. op.) (reversing Roger's conviction), *aff'd*, 470 S.W.3d at 839; *Liverman v. State*, 447 S.W.3d 889, 892–93 (Tex. App.—Fort Worth 2014) (mem. op.) (reversing Aaron's conviction), *aff'd*, 470 S.W.3d at 839. The court of criminal appeals affirmed both decisions in 2015. *Liverman*, 470 S.W.3d at 839.

In October 2016, Appellants filed, pro se, a complaint of malicious prosecution against Hall and the Appellees: Denton County, Texas; Paul Johnson, the criminal district attorney of Denton County, as an employee and in his individual capacity; and three assistant criminal district attorneys—Lara Tomlin, Rick Daniel, and Lindsey Sheguit—as employees and in their individual capacities. Appellees filed a plea to the jurisdiction in response, asserting that Appellants' claims were precluded by sovereign and governmental immunity. After a hearing, the trial court granted the Appellees' plea to the jurisdiction and

2

dismissed Appellants' claims against the Appellees with prejudice. The trial court did not address the Appellants' claims against Hall, which remain pending.

## Discussion

### I. Our jurisdiction over an interlocutory appeal

Before we address the substance of this appeal, we must consider our jurisdiction. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) ("[W]e must consider our jurisdiction, even if that consideration is sua sponte."). This is an interlocutory appeal because the trial court's order of dismissal did not dismiss the Appellants' claims against Hall. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (noting that a judgment is final only if it disposes of all remaining parties and claims). Generally, we only have jurisdiction to hear an appeal from a final judgment. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). We may only consider immediate appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

Section 51.014(8) of the civil practice and remedies code provides us with jurisdiction over an interlocutory appeal from the granting of a plea to the jurisdiction by a governmental unit, such as Denton County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (West Supp. 2017) (providing that a person may appeal an interlocutory order that grants a plea to the jurisdiction by a governmental unit); § 101.001(3)(B) (West Supp. 2017) (defining "governmental unit" to include a county as a political subdivision of the state). The Texas

3

Supreme Court has also held that this jurisdiction extends to claims filed against officials sued in their official capacities. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007). We therefore have jurisdiction over the interlocutory appeal of the dismissal of claims made against Denton County and Johnson, Tomlin, Daniel, and Sheguit in their official capacities.

We do not, however, have jurisdiction over the dismissal of Appellants' claims against Johnson, Tomlin, Daniel, and Sheguit in their individual capacities.[2] *See Adams v. Harris Cty.*, No. 04-15-00287-CV, 2015 WL 8392426, at *4 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied) (mem. op.) (dismissing for lack of jurisdiction interlocutory appeal of grant of plea to the jurisdiction of claims filed against appellate court clerk in his personal capacity); *Sanders v. City of Grapevine*, 218 S.W.3d 772, 776 (Tex. App.—Fort Worth 2007, pets. denied) (dismissing for lack of jurisdiction interlocutory appeal of order granting individual appellees' motion to dismiss). The assertions of immunity by Johnson, Tomlin, Daniel, and Sheguit were personal defenses, not ones based on the governmental unit's immunity, and therefore do not fall within the purview of section 51.014(8). *See Adams*, 2015 WL 8392426, at *4. Accordingly, we dismiss the portion of Appellants' appeal that complains of the trial court's

---

[2]By letter dated November 30, 2017, we notified the parties of our jurisdictional concerns and requested a response from any party desiring to continue the appeal as it pertains to those claims. Appellants filed a response but it does not provide us with any basis for jurisdiction over the claims against Johnson, Tomlin, Daniel, and Sheguit in their individual capacities.

dismissal of their claims against Johnson, Tomlin, Daniel, and Sheguit in their individual capacities.

## II. Immunity of Denton County and officials of the district attorney's office

Governmental immunity defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed, and we will review the trial court's ruling de novo. *Id.* at 226. It is the plaintiff's burden to allege facts that affirmatively demonstrate the court's jurisdiction, and we will construe the pleadings liberally in favor of the plaintiff and consider the plaintiff's intent. *Id.*

Absent a waiver of liability by the State, Denton County is entitled to governmental immunity from Appellants' claims. *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002) (plurality op.) ("If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011) (waiving governmental immunity in three areas: use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property). The Texas Tort Claims Act does not waive immunity for intentional torts, such as malicious prosecution. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011) (excluding intentional torts

5

from waiver of immunity); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding TTCA did not waive immunity for the intentional torts of false arrest, malicious prosecution, and defamation by the City). This immunity further extends to Johnson and his assistant district attorneys for actions taken in their official capacities. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009) ("[G]overnmental immunity protects government officers sued in their official capacities to the extent that it protects their employers.").

Appellants' brief to this court does not provide any authority establishing a waiver of governmental immunity. Appellants instead rely upon the Supreme Court's recent holding in a suit under 42 U.S.C. § 1983 that the Fourth Amendment of the U.S. Constitution governs a claim for unlawful pretrial detention. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 914 (2017). Appellants do not explain how *Manuel* is applicable in this situation, and we decline any invitation to so apply it.

We therefore overrule Appellants' complaint as it relates to the trial court's dismissal of their claims against Denton County and Johnson, Tomlin, Daniel, and Sheguit in their official capacities.

**Conclusion**

Having determined that we lack jurisdiction over the Appellants' appeal of the trial court's dismissal of their claims against Johnson, Tomlin, Daniel, and Sheguit in their individual capacities, we dismiss that portion of the appeal.

Having overruled the remainder of Appellants' complaint, we affirm the trial court's order dismissing the claims against Denton County and Johnson, Tomlin, Daniel, and Sheguit in their official capacities.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DELIVERED:  December 14, 2017