

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00344-CV

_____

ROGER LIVERMAN AND AARON LIVERMAN, Appellants

V.

DENTON COUNTY, TEXAS, PAUL JOHNSON, LARA TOMLIN, RICK
DANIEL, LINDSEY SHEGUIT, AND KATHERYN HALL, Appellees

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 16-08473-16

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

In two issues, Roger and Aaron Liverman, pro se, appeal from the trial court's final judgment granting summary judgment for Katheryn Hall, Roger's daughter and Aaron's sister. We will affirm.

**Background**

This case arises from a dispute between the Livermans and Hall involving mechanic's liens that the Livermans filed against Hall's home in 2008. *See Liverman v. State*, 470 S.W.3d 831, 833–34 (Tex. Crim. App. 2015). As a result of those filings, the Livermans were charged with and convicted of securing the execution of documents by deception. *See id.*; *see also* Tex. Penal Code Ann. § 32.46(a)(1) (setting out offense's elements). This court reversed the Livermans' convictions and acquitted them,[1] and the court of criminal appeals affirmed both decisions in 2015. *Liverman*, 470 S.W.3d at 839.

In October 2016, the Livermans sued Hall, Denton County, Denton County District Attorney Paul Johnson, and three assistant district attorneys (Lara Tomlin, Rick Daniel, and Lindsey Sheguit) for malicious prosecution. The Livermans sued Johnson and the assistant district attorneys in their individual and official capacities. In response, they, along with Denton County, filed a plea to the jurisdiction asserting

---

[1] *Liverman v. State*, 448 S.W.3d 155, 159 (Tex. App.—For Worth 2014) (mem. op.) (reversing Roger's conviction), *aff'd*, 470 S.W.3d at 839; *Liverman v. State*, 447 S.W.3d 889, 892–93 (Tex. App.—Fort Worth 2014) (mem. op.) (reversing Aaron's conviction), *aff'd*, 470 S.W.3d at 839.

2

that governmental immunity barred the Livermans' claims against them. The trial court granted the jurisdictional plea and dismissed with prejudice the Livermans' claims against Denton County, Johnson, and the assistant district attorneys. At that time, the Livermans' claims against Hall remained pending.

The Livermans filed an interlocutory appeal challenging the dismissal of their claims against Denton County, Johnson, and the assistant district attorneys. *Liverman v. Denton Cty.*, No. 02-17-00240-CV, 2017 WL 6377437 (Tex. App.—Fort Worth Dec. 14, 2017, no pet.) (mem. op.). We affirmed the trial court's dismissal of the Livermans' claims against Denton County and against Johnson and the assistant district attorneys in their official capacities. *Id.* at *2–3. But we concluded that we lacked jurisdiction over the Livermans' complaint about the trial court's dismissal of their claims against Johnson and the assistant district attorneys in their *individual* capacities and so dismissed that portion of the appeal. *Id.* at *2 ("The assertions of immunity by Johnson, Tomlin, Daniel, and Sheguit were personal defenses, not ones based on the governmental unit's immunity, and therefore do not fall within the purview of section 51.014(8)."); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (providing for an appeal from an interlocutory order granting a governmental unit's plea to the jurisdiction), § 101.001(3)(B) (defining "governmental unit" to include a county as a political subdivision of the state).

Our mandate issued in March 2018. In August 2018, Hall moved for summary judgment on her limitations affirmative defense, arguing that the Livermans'

3

malicious-prosecution claim against her is time-barred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) ("A person must bring suit for malicious prosecution . . . not later than one year after the day the cause of action accrues."). The trial court granted summary judgment for Hall and signed a final judgment. The Livermans appeal from that judgment.

### The Livermans' "Motion Concerning Files on Record from Cause No 02-17-00240-cv"

In their motion, the Livermans ask us to judicially notice the appellate record in their first appeal in this case. We grant the motion and will take judicial notice of the appellate record filed in cause number 02-17-00240-CV.

### Analysis

The trial court's interlocutory order granting Johnson's and his assistant district attorneys' jurisdictional plea and dismissing the Livermans' claims against them in their individual capacities merged into the trial court's final judgment. *See H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating a final and appealable judgment); *Wilkins v. State Farm Mut. Auto. Ins. Co.*, 58 S.W.3d 176, 182 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("An order, even if interlocutory, is nevertheless final and appealable if it has merged into a subsequent order which, by its nature, is a final appealable order."). Even though they appeal from the final judgment, the Livermans do not challenge the trial court's granting the

4

jurisdictional plea and dismissing their individual-capacity claims against Johnson and the assistant district attorneys. We therefore cannot and will not address whether this ruling was in error. *See* Tex. R. App. P. 38.1(f), (i), 47.1; *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."); *see also Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008) ("It is of course true that an appellate court cannot reverse on a ground an appellant has never raised."); *Obgomo v. Am. Homes 4 Rent Props. Two, LLC*, No. 02-14-00105-CV, 2014 WL 7204552, at *2 (Tex. App.—Fort Worth Dec. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (observing that an appellate court cannot reverse based on a ground not presented in the appellate briefs). Instead, they challenge only the trial court's granting Hall's summary-judgment motion, and they assert that the trial court failed to acknowledge our mandate in their first appeal. We address each issue in turn.

In their first issue, the Livermans challenge the trial court's granting Hall's summary-judgment motion based on her limitations defense, but they make no argument and cite to no authority showing that limitations do not in fact bar their malicious-prosecution claim. Rather, they argue that the trial court erred by granting Hall's summary-judgment motion and by signing a final judgment disposing of all parties and all claims because (1) the trial court violated the Livermans' due-process and equal-protection rights by not addressing their pending default-judgment motions

5

before granting Hall's summary-judgment motion, and (2) D.A. Johnson and his assistant district attorneys did not move for summary judgment.

After our mandate issued but before Hall moved for summary judgment, the Livermans moved for no-answer default judgments against Hall, Johnson, and the assistant district attorneys. *See* Tex. R. Civ. P. 239. As noted, the Livermans' claims against Johnson and the assistant district attorneys had already been dismissed. Because no claims were pending against Johnson and the assistant district attorneys, the trial court could not have rendered a default judgment against them. The trial court also could not have rendered a no-answer default judgment against Hall because a trial court cannot render such a default judgment after a defendant has filed an answer. *See id.* (providing in relevant part that "at any time after a defendant is required to answer, the plaintiff may . . . take judgment by default against such defendant if he has not previously filed an answer"); *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989). The trial court therefore did not err by ruling on Hall's summary-judgment motion before ruling on the default-judgment motions. We overrule this part of the Livermans' first issue.

The Livermans also complain as part of their first issue that the trial court erred by signing a final judgment that granted Hall's summary-judgment motion and "disposed of all parties and all claims" because the summary-judgment motion "did not include all defendants." Again, by this time, the Livermans' claims against Johnson and the assistant district attorneys had been dismissed, and only the

6

Livermans' claim against Hall remained outstanding. In granting summary judgment for Hall, the trial court disposed of the remaining party and the remaining claim and thus properly signed a final judgment disposing of all parties and claims. We overrule the rest of the Livermans' first issue.

In their second issue, the Livermans contend that the trial court failed to acknowledge this court's mandate from their earlier interlocutory appeal in this case. According to the Livermans, our mandate ordered the trial court and the Livermans to draft memoranda on jurisdiction. The Livermans contend that because the trial court failed to do so before hearing and ruling on Hall's summary-judgment motion, it was in contempt of the mandate.

A mandate is an appellate court's formal command directing the trial court to comply with the appellate court's judgment. *See Tex. Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 347 (Tex. App.—Austin 2007, pet. denied); *see also* Tex. R. App. P. 51.1(b); *Lewelling v. Bosworth*, 840 S.W.2d 640, 642 (Tex. App.—Dallas 1992, orig. proceeding) ("A mandate is the official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court and directing it to have its judgment duly recognized, obeyed, and executed."). Upon receiving the appellate court's mandate, the trial court has a mandatory, ministerial duty to enforce the appellate court's judgment. *See Dearing*, 240 S.W.3d at 347; *see also* Tex. R. App. P. 51.1(b).

7

Our mandate in the Livermans' interlocutory appeal recited our judgment and commanded the trial court to "observe the order of the Court of Appeals." But nothing in our judgment or opinion ordered either the trial court or the Livermans to draft anything, much less a memorandum on jurisdiction. *See Liverman*, 2017 WL 6377437, at \*1–3. *See generally Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) ("In interpreting the mandate of an appellate court, however, the [trial] court should look not only to the mandate itself, but also to the opinion of the court."). We have independently reviewed the record and conclude that the trial court followed our mandate. Accordingly, we overrule the Livermans' second issue.

## Conclusion

Having overruled the Livermans' two appellate issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  April 25, 2019

8