RECEIVED IN
COURT OF CRIMINAL APPEALS

August 25, 2015

ABEL ACOSTA, CLERK

PD-1595-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/20/2015 9:07:30 AM
Accepted 8/24/2015 4:04:55 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

ROGER LIVERMAN AND
AARON LIVERMAN
APPELLANTS

§
§
§
§
§
§
§
§
§
§

v.

THE STATE OF TEXAS,
APPELLEE

No.   **PD-1595-14**
      **PD-1596-14**

---

## STATE'S REPLY TO AMENDED BRIEF OF *AMICUS CURIAE* OF THE TEXAS CONSTRUCTION ASSOCIATION

---

FROM THE COURT OF APPEALS FOR THE
SECOND DISTRICT COURT AT FORT WORTH
IN CAUSE NUMBERS 02-13-00176-CR AND 02-13-00177-CR
AND FROM THE 362ND JUDICIAL DISTRICT COURT
OF DENTON COUNTY, TEXAS
TRIAL CAUSE NUMBERS F-2012-0136-D AND F-2012-0137-D
THE HONORABLE BRUCE MCFARLING, JUDGE, PRESIDING

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**LARA TOMLIN**
Assistant Criminal District Attorney
State Bar No. 24075169
1450 East McKinney
Denton, Texas  76209
(940) 349-2600
FAX (940) 349-2751
lara.tomlin@dentoncounty.com

## IDENTITY OF PARTIES & COUNSEL

Appellants.................................................. **ROGER LIVERMAN and AARON LIVERMAN**

**MATTHEW J. KITA**
Post Office Box 5119
Dallas, Texas 75208

APPELLATE COUNSEL

**LEE ANN BREADING**
121 West Hickory Street, Suite 133
Denton, Texas 76209

**JERRY COBB**
Post Office Box 1399
Denton, Texas 76202

TRIAL COUNSEL

Appellee ...............................................**THE STATE OF TEXAS**

**PAUL JOHNSON**
Criminal District Attorney

**CAHTERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**LARA TOMLIN**
Assistant Criminal District Attorney
State Bar No. 24075169
1450 East McKinney
Denton, Texas 76209
(940) 349-2600
lara.tomlin@dentoncounty.com

APPELLATE COUNSEL

**RICK DANIEL**
**LINDSEY SHEGUIT**
Assistant Criminal District Attorney

TRIAL COUNSEL

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ................................................................... i

INDEX OF AUTHORITIES ...................................................................... iv-vii

STATEMENT OF THE CASE ........................................................................ 1

SUMMARY OF THE STATE'S ARGUMENTS ............................................... 2

ARGUMENT ............................................................................................ 3

    THE STATE'S RESPONSE TO THE TEXAS CONSTRUCTION
    ASSOCIATION'S BRIEF OF *AMICUS CURIAE* ......................................... 3

        Texas Penal Code § 32.46 should include Appellants' actions
        despite the possible civil remedies available for victims or the
        consequences contractors committing fraud would have to face ................... 3

        The purpose of a lien is to secure payment, but there
        should be a criminal offense if the lien was created
        by deception with an intent to defraud ...................................................... 6

        Appellants' actions should be a crime because county clerks
        do not have discretion to file and record statutory liens ............................... 6

        The availability of civil penalties does not mean
        there should not also be criminal penalties for filing a false lien ................... 7

            Section 12.002 of the Civil Practice and Remedies
            code should be used with Penal Code § 32.46, as 12.002
            follows the language of 32.46 and 12.002 was enacted
            through the same bill that amended 32.46 ............................................. 8

            Section 53.160 is available to remove a lien, but that section
            is about filing a suit to remove the lien and in no way
            addresses filing a fraudulent lien against an innocent party ...................... 9

Bonding around the lien under the Property Code § 53.171
does not cure Appellants' fraud and imposes difficult duties
on the innocent victim.................................................................... 11

Discharging the lien under 53.157 is not an adequate
punishment for Appellants' fraudulent criminal actions ........................ 11

The fact that there are limitations on liens that prevent
a lienholder from improper payment is irrelevant in a
fraudulent situation where the lienholder is owed nothing...................... 12

The fact that a filed lien can be amended is irrelevant
in a fraudulent situation where the lienholder is owed nothing............... 13

The Legislature does not think it is unreasonable and
excessive to punish a contractor for fraudulent behavior
as evidenced by Texas Penal Code § 32.49 ................................................. 13

PRAYER ..................................................................................................... 15

CERTIFICATE OF COMPLIANCE ................................................................. 16

CERTIFICATE OF SERVICE........................................................................... 16

# INDEX OF AUTHORITIES

**Statutes, Codes, and Rules**

Act of May 21, 1997, 75th Leg., ch 189, § 2, 1997
Tex. Gen. Laws 189 (amended 2003) (current version
at Tex. Penal Code Ann. § 32.46 (West Supp. 2014)) ........................................ 14

Act of May 21, 1997, 75th Leg., R.S., ch 189, § 4,
1997 Tex. Gen. Laws 189 ............................................................................. 14

Act of May 21, 1997, 75th Leg., R.S., ch 189, § 16,
1997 Tex. Gen. Laws 189 (amended 1999) (current version at Tex.
Civil Prac. & Rem. Code Ann. § 12.002 (West Supp. 2014)) ..................... 8, 9, 14

Act of May 10, 1999, 76th Leg., R.S., ch 62, § 19.01(3),
1999 Tex. Gen. Laws 62 (amended 2007) (current version at Tex. Civil
Prac. & Rem. Code Ann. § 12.002 (West Supp. 2014)) ........................................ 9

Act of June 15, 2007, 80th Leg., R.S., ch 895, § 2, 2007
Tex. Gen. Laws 895 (amended 2009) (current version at Tex. Civil
Prac. & Rem. Code Ann. § 12.002 (West Supp. 2014)) ........................................ 9

Act of June 19, 2009, 81st Leg., R.S., ch 1260, § 2, 2009
Tex. Gen. Laws 1260 ............................................................................. 9

House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185,
75th Leg. R.S. (1997) ........................................................................ 9, 14

Tex. Agric. Code Ann. § 14.072 (West 2004) ........................................................ 4

Tex. Alco. Bev. Code Ann. § 2.02 (West 2007) ..................................................... 7

Tex. Alco. Bev. Code Ann. § 101.63 (West 2007) .................................................. 7

Tex. Alco. Bev. Code Ann. § 106.03 (West Supp. 2014) ......................................... 7

Tex. Alco. Bev. Code Ann. § 106.06 (West Supp. 2014) ......................................... 7

Tex. Bus. & Com. Code Ann. § 27.01 (West 2007) ...................................... 8

Tex. Bus. Orgs. Code Ann. § 4.008 (West 2012) ...................................... 4

Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (West Supp. 2014) ................. 8, 9, 14

Tex. Civ. Prac. & Rem. Code Ann. § 71.002 (West 2008) ........................... 7

Tex. Civ. Prac. & Rem. Code Ann.§ 123.002 (West 2011) .......................... 8

Tex. Civ. Prac. & Rem. Code Ann. § 134.001-134.005
(West 2011, West Supp. 2014) .................................................... 7

Tex. Fin. Code Ann. § 392.402 (West 2006) ...................................... 4, 8

Tex. Gov't Code Ann. § 618.009 (West 2012) ...................................... 4

Tex. Occ. Code Ann. § 165.151-165.160 (West 2012) ............................. 4

Tex. Occ. Code Ann. § 201.604-201.606 (West 2012) ............................. 4

Tex. Occ. Code Ann. § 205.401 (West 2012) ...................................... 4

Tex. Occ. Code Ann. § 264.151-264.152 (West 2012) ............................. 4

Tex. Penal Code Ann. § 16.02 (West Supp. 2014) .................................. 8

Tex. Penal Code Ann. § 19.01-19.06 (West 2011, West Supp. 2014) ............... 7

Tex. Penal Code Ann. § 20.02 (West 2011) ........................................ 7

Tex. Penal Code Ann. § 22.01-22.12 (West 2011, West Supp. 2014) ............... 7

Tex. Penal Code Ann. § 30.05 (West Supp. 2014) .................................. 8

Tex. Penal Code Ann. § 31.01-31.17 (West 2011, West Supp. 2014) ............... 7

Tex. Penal Code Ann. § 32.01-32.54 (West 2011, West Supp. 2014) ............... 8

Tex. Penal Code Ann. § 32.34 (West 2011) ................................................. 4

Tex. Penal Code Ann. § 32.42 (West 2011) ................................................. 4

Tex. Penal Code Ann. § 32.441 (West 2011) ............................................... 4

Tex. Penal Code Ann. § 32.46 (West Supp. 2014) .............................. passim

Tex. Penal Code Ann. § 32.46(a)(1) (West Supp. 2014) ........................ 2, 5, 7

Tex. Penal Code Ann. § 32.49 (West 2011) ........................................... 13, 14

Tex. Penal Code Ann. § 38.12 (West Supp. 2014) ....................................... 4

Tex. Prop. Code Ann. § 53.024 (West 2014) .............................................. 12

Tex. Prop. Code Ann. § 53.052 (West 2014) ................................................ 6

Tex. Prop. Code Ann. § 53.052(c) (West 2014) ........................................ 6, 7

Tex. Prop. Code Ann. § 53.157 (West 2014) .............................................. 12

Tex. Prop. Code Ann. § 53.172 (West 2014) .............................................. 11

Tex. Prop. Code Ann. § 53.172-53.174 (West 2014) ................................. 11

Tex. Prop. Code Ann. § 53.173-53.174 (West 2014) ................................. 11

**Cases**

*Cox v. Waste Mgmt. of Tex., Inc.*,
300 S.W.3d 424 (Tex. App.—Fort Worth 2009, pet. den'd) ............................ 7

*Elston v. Resolution Servs.*
950 S.W.2d 180 (Tex. App.—Austin 1997, no pet.) ...................................... 8

*Exxon Corp. v. Emerald Oil & Gas Co.*
348 S.W.3d 194 (Tex. 2011) ........................................................................ 8

*Green Int'l v. Solis*
951 S.W.2d 384 (Tex. 1997) .................................................................. 7

*Insurance Co. of N. Am. v. Morris*
981 S.W.2d 667 (Tex. 1998) .................................................................. 8

*Liverman v. State*
447 S.W.3d 889 (Tex. App—Fort Worth 2014, pet. granted) ............................... 1

*Liverman v. State*
448 S.W.3d 155 (Tex. App.—Fort Worth 2014, pet. granted) ............................... 2

*Mathis v. Barnes*
377 S.W.3d 926 (Tex. App.—Tyler 2012, no pet.).................................................. 8

*Wal-Mart Stores, Inc. v. Rodriguez*
92 S.W.3d 502 (Tex. 2002) .................................................................. 7

## IN THE COURT OF
## CRIMINAL APPEALS
## OF TEXAS

ROGER LIVERMAN AND
AARON LIVERMAN
APPELLANTS

v.

THE STATE OF TEXAS,
APPELLEE

§
§
§
§
§
§
§
§
§
§

No.   PD-1595-14
      PD-1596-14

---

## STATE'S REPLY TO AMENDED BRIEF OF *AMICUS CURIAE*
## OF THE TEXAS CONSTRUCTION ASSOCIATION

---

TO THE COURT OF CRIMINAL APPEALS:

Comes now the State, by and through its Assistant Criminal District

Attorney, and respectfully submits its reply brief urging that the judgment of the

Second District Court of Appeals be affirmed.

## STATEMENT OF THE CASE

Appellants were found guilty of securing the execution of a document by

deception on March 21, 2013 (C.R. at 48). Appellants appealed their convictions,

and the Second District Court of Appeals rendered acquittals in both of their cases

on October 9, 2014. *Liverman v. State*, 447 S.W.3d 889, 890 (Tex.

1

App—Fort Worth 2014, pet. granted); *Liverman v. State*, 448 S.W.3d 155, 156 (Tex. App.—Fort Worth 2014, pet. granted).

This Court granted a petition of discretionary review on February 4, 2015. The State filed its brief on the merits on March 11, 2015, and Appellants filed their brief on the merits on April 24, 2015. This Court heard oral argument on May 20, 2015. The State subsequently filed a letter regarding the argument after conferring with Appellants regarding the civil judgment related to this case, and provided this Court with the civil judgment. On August 17, 2015, the Texas Construction Association filed a brief of *amicus curiae*. The State now files a motion to file an additional brief in reply to the Texas Construction Association's brief of *amicus curiae* pursuant to Texas Rule of Appellate Procedure 70.04, and this additional brief in reply to the brief of *amicus curiae*.

## SUMMARY OF THE STATE'S ARGUMENTS[1]

Texas statutes allow for actions to be both a criminal offense and a civil cause of action. Here, civil remedies alone are inadequate to punish individuals filing fraudulent liens and inadequate to deter that behavior. Although civil

---

[1]  The crux of the arguments between the State and Appellant has been whether the county clerk filing and recording a statutory lien in order for that lien to be in its final, legally enforceable form was "executing" under § 32.46(a)(1). *See* Tex. Penal Code Ann. § 32.46(a)(1) (West Supp. 2014). The Texas Construction Association does not argue that issue, and instead argues public policy and § 32.46 in relation to civil statutes. Thus, the State responds to those arguments and does not rehash the "executing" argument.

2

remedies can be used in addition to charging criminal offenses, the civil remedies do not do enough to protect victims of fraud and, instead, cost victims time and money. The Legislature intended these civil remedies to be used in conjunction with charging criminal offenses. Criminal offenses in relation to liens will not harm law-abiding contractors, as only contractors filing documents by deception with the intent to defraud or harm a victim will be criminally liable. Limitations and amendments to liens are irrelevant to a case of a completely fraudulent document, as there will be no valid lien to be limited and amended—only a completely false lien. Here, there was not an invalid lien, there was a fraudulent lien. In addition, since clerks are required to file and record, and thus execute, statutory liens that individuals present to them, § 32.46(a)(1) criminalizes the act of deceiving the clerks into filing the fraudulent lien.

## ARGUMENT

### <u>THE STATE'S RESPONSE TO THE TEXAS CONSTRUCTION ASSOCIATION'S BRIEF OF *AMICUS CURIAE*</u>

**Texas Penal Code § 32.46 should include Appellants' actions despite the possible civil remedies available for victims or the consequences contractors committing fraud would have to face.**

Individuals involved in different businesses or industries can be criminally liable for actions taken through the course of their businesses, and the construction

industry should not be an exception.[2] Law abiding business people conduct business within legal parameters, but those who run afoul can be criminally liable. In this context, civil remedies are inadequate to punish individuals filing fraudulent liens and inadequate to deter that behavior.

What does a victim do if an individual files a fraudulent lien against her home? The victim can attain civil remedies, but that involves hiring a lawyer and, as in this case, costly and time consuming litigation before the release of the lien. In her civil claim, Katheryn Hall was only awarded attorney's fees, and was not compensated for her lost time, interest on the legal fees before the judgment, or possible loss of profit from her inability to sell the house (Civil Judgment[3]).

Once a victim wins a suit, the individual responsible for the fraud, in this case Appellants, may not have the money to pay the judgment against him. It may

---

[2]      Statutes governing all types of businesses, industries, and occupations proscribe fraudulent and dishonest actions of individuals and make the actions criminal offenses, including, but not limited to: grain fraud (Tex. Agric. Code Ann. § 14.072 (West 2004)); fraudulent filings with the secretary of state (Tex. Bus. Orgs. Code Ann. § 4.008 (West 2012)); unlawful acts of debt collectors (Tex. Fin. Code Ann. § 392.402 (West 2006)); fraudulent use of signatures or seals (Tex. Gov't Code Ann. § 618.009 (West 2012)); unlawful actions by physicians (Tex. Occ. Code Ann. § 165.151-165.160 (West 2012)); unlawful actions by chiropractors (Tex. Occ. Code Ann. § 201.604-201.606 (West 2012)); unlawful actions by acupuncturists (Tex. Occ. Code Ann. § 205.401 (West 2012)); unlawful actions by dentists (Tex. Occ. Code Ann. § 264.151-264.152 (West 2012)); fraudulent transfers of motor vehicles (Tex. Penal Code Ann. § 32.34 (West 2011)); deceptive business practices (Tex. Penal Code Ann. § 32.42 (West 2011)); illegal recruitment of athletes (Tex. Penal Code Ann. § 32.441 (West 2011)); and barratry (Tex. Penal Code Ann. § 38.12 (West Supp. 2014)).
[3]      The civil judgment was provided to this Court in the State's oral argument correction letter.

4

have been unlikely for Ms. Hall to ever collect the money she was awarded considering Appellants may or may not have had a job since she fired them, and Roger Liverman could not afford the $750 a month rent Ms. Hall was charging him (3 R.R. at 39, 43; Civil Judgment). If § 32.46(a)(1) is interpreted to not include fraudulent liens, and an individual committing fraud is judgment-proof or bankrupt, he can attempt to collect money through a fraudulent lien and have no other penalties, while the victim is left with large legal fees. *See* Tex. Penal Code § 32.46(a)(1).

Finding that Appellants' actions in this case were not criminal allows for fraudulent individuals to, as Appellants did, attempt to extort money from victims by filing fraudulent liens. These actions need to be criminal to protect the public, and criminalizing those actions was the intention of the Legislature as discussed in the State's brief and oral argument.

In its brief of *amicus curiae*, Texas Construction Association claims that finding that Appellants' actions fall under 32.46(a)(1) of the penal code would "be devastating for the construction industry." This is untrue, as the criminal penalty would only harm those who are filing fraudulent statutory liens with the intent to defraud or harm another; in other words it would only be devastating to those in the industry defrauding the consumer. *See* Tex. Penal Code § 32.46(a)(1).

5

**The purpose of a lien is to secure payment, but there should be a criminal offense if the lien was created by deception with an intent to defraud.**

The Texas Construction Association argues that the purpose of filing a lien affidavit is to secure payment and not to be an avenue for punishment, and that "an error in the lien affidavit should not be used to criminally charge an industry participant." But Appellants' case is not dealing with an "error," it was an affidavit which was found fraudulent beyond a reasonable doubt (1 C.R. at 65; 2 C.R. at 48[4]). There was no proof that there was any type of contract or agreement underlying the fraudulent liens and these actions are criminalized under 32.46(a)(1) (3 R.R. at 159; 4 R.R. at 26, 52; State's Exhibit 3). *See* Tex. Penal Code § 32.46.

**Appellants' actions should be a crime because county clerks do not have discretion to file and record statutory liens.**

County clerks can only refuse a lien affidavit if they have a legitimate basis; that is why Appellants' actions should be a crime. *See* Tex. Prop. Code Ann. § 53.052 (West 2014); Tex. Penal Code § 32.46. County clerks do not have investigators to check on every lien and must trust that the person filing the lien is filing an accurate document. Tex. Prop. Code Ann. § 53.052(c). The clerk must file a presented lien, therefore executing the statutory lien, even if the document is fraudulent and harms the owner of the property. *See* Tex. Prop. Code § 53.052(c);

---

[4] The clerk's record for F-2012-0136-D is referred to as "1 C.R." and the clerk's record from F-2012-0137-D is referred to as "2 C.R."

6

Tex. Penal Code § 32.46(a)(1). Thus, there should be a criminal penalty to protect the property owner. *See* Tex. Prop. Code § 53.052(c); Tex. Penal Code § 32.46(a)(1).

**The availability of civil penalties does not mean there should not also be criminal penalties for filing a false lien.**

The Texas Construction Association argues there are reasonable ways to remove a lien without bringing criminal charges, but that does not mean that there should not be criminal charges. There are many criminal offenses that are also civil causes of action, some include:

| Offense | Civil cause of action | Criminal Statute |
|---|---|---|
| Assault | *Cox v. Waste Mgmt. of Tex., Inc.*, 300 S.W.3d 424, 439 (Tex. App.—Fort Worth 2009, pet. den'd) (assault as a cause of action). | Tex. Penal Code § 22.01-22.12. |
| Theft | *Green Int'l v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997) (conversion as a cause of action); Tex. Civ. Prac. & Rem. Code § 134.001-134.005 (Texas Theft Liability Act). | Tex. Penal Code § 31.01-31.17. |
| Wrongful death | Tex. Civ. Prac. & Rem. Code § 71.002. | Tex. Penal Code § 19.01-19.06. |
| Providing alcohol to intoxicated person or minor | Tex. Alco. Bev. Code § 2.02. | Tex. Alco. Bev. Code § 101.63, 106.03, 106.06. |
| Unlawful restraint | *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002) (false imprisonment as a cause of action). | Tex. Penal Code § 20.02. |

| | | |
|---|---|---|
| *Fraud* | *Exxon Corp. v. Emerald Oil & Gas Co.,* 348 S.W.3d 194, 217 (Tex. 2011) (common law fraud); *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998) (fraud by nondisclosure); Tex. Bus. & Com. Code § 27.01 (statutory fraud dealing with real estate and stock transactions). | Tex. Penal Code § 32.01-32.54. |
| *Debt collection* | *Elston v. Resolution Servs.,* 950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no pet.). | Tex. Fin. Code § 392.402. |
| *Trespass* | *Mathis v. Barnes*, 377 S.W.3d 926, 931 (Tex. App.—Tyler 2012, no pet.). | Tex. Penal Code § 30.05. |
| *Illegal wiretapping* | Tex. Civ. Prac. & Rem. Code § 123.002. | Tex. Penal Code § 16.02. |

Section 32.46(a)(1) provides a criminal penalty for an action that may also have civil remedies, similar to many of the other sections in the fraud chapter of the penal code and many statutes across all Texas codes. *See* Tex. Penal Code § 32.46.

***Section 12.002 of the Civil Practice and Remedies code should be used with Penal Code § 32.46, as 12.002 follows the language of 32.46 and 12.002 was enacted through the same bill that amended 32.46.***

The brief for *amicus curiae* argues that Appellants' actions should fall under § 12.002. Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (West Supp. 2014). This section of the code was first enacted in 1997. Act of May 21, 1997, 75th Leg., R.S., ch 189, § 16, 1997 Tex. Gen. Laws 189 (current version at Tex.

Civil Prac. & Rem. Code § 12.002).[5] Section 12.002 was enacted as part of the bill that amended Penal Code § 32.46, and both have similar language. House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185, 75th Leg. R.S. (1997); *see* Tex. Civ. Prac. & Rem. Code § 12.002; Tex. Penal Code § 32.46. Based on the 1997 bill analysis, it is obvious that the Legislature was concerned with fraudulent liens and documentary integrity, as discussed in the State's brief and oral argument. *See* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 185, 75th Leg. R.S. (1997). Therefore, the Legislature intended for Appellants' actions to be both a civil cause of action and a criminal offense. *See* Tex. Civ. Prac. & Rem. Code § 12.002; Tex. Penal Code § 32.46; House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185, 75th Leg. R.S. (1997).

***Section 53.160 is available to remove a lien, but that section is about filing a suit to remove the lien and in no way addresses filing a fraudulent lien against an innocent party.***

Here, Ms. Hall released the lien civilly through litigation before the criminal action was filed (3 R.R. at 203; Civil Judgment). The lien affidavits were

---

[5] This section was enacted as chapter 11, but was renumbered as chapter 12 in 1999. Act of May 10, 1999, 76th Leg., R.S., ch 62, § 19.01(3), 1999 Tex. Gen. Laws 62 (amended 2007) (current version at Tex. Civil Prac. & Rem. Code § 12.002). In 2007, subsections (a-1) and (a-2) were added. Act of June 15, 2007, 80th Leg., R.S., ch 895, § 2, 2007 Tex. Gen. Laws 895 (amended 2009) (current version at Tex. Civil Prac. & Rem. Code § 12.002). The most recent amendment to the statute was in 2009 when the Legislature added an intent to defraud element, making the language more similar to Penal Code § 32.46. Act of June 19, 2009, 81st Leg., R.S., ch 1260, § 2, 2009 Tex. Gen. Laws 1260.

9

originally received by the clerk's office July 22, 2008 (2 R.R. at 22). The civil trial started July 22, 2009, the jury ruled in favor of Ms. Hall July 24, 2009, and on July 29, 2009 the judgment was signed (Civil Judgment). The liens were found fraudulent, there were no monetary damages, and Ms. Hall was awarded $15,001.87 in attorney's fees (Civil Judgment).

Therefore, it took Ms. Hall a year and over $15,000 to get these fraudulent liens released (2 R.R. at 22; Civil Judgment). Ms. Hall bought the house as an investment for her children's college and she presumably could not sell the rental property during the litigation, plus she had to pay for legal fees (3 R.R. at 37). Appellants were able to attempt to steal the rental property out from under Ms. Hall by living there without paying rent and filing false liens. Roger even told Ms. Hall that if she did not give him the property he would sue her, cost her more money, and bankrupt her (3 R.R. at 39, 48).[6] These actions should be criminal because Appellants knowingly filed a fraudulent lien in an attempt to harm Ms. Hall; this was not an error or misunderstanding in an otherwise valid lien.

---

[6] Ms. Hall testified that she paid $62,000 for the property, paid $10,000 for the down payment and to cover closing costs, and owed $57,000 on the rental property; the exact amount claimed in Appellants' fraudulent liens (3 R.R. at 30-31; State's Exhibits 1, 2).

***Bonding around the lien under the Property Code § 53.171 does not cure Appellants' fraud and imposes difficult duties on the innocent victim.***

The Texas Construction Association argues that the lien can be bonded around, and leaves the list of hoops a victim has to jump through in footnotes (*amicus curia* at 9-10, n8-10). Under those requirements, Ms. Hall would have had to put up a $97,000 bond, payable to Appellants (State's Exhibits 1, 2). Tex. Prop. Code Ann. § 53.172 (West 2014). Ms. Hall would have also had to comply with § 53.173-53.174 of the Texas Property Code. *See* Tex. Prop. Code Ann. § 53.173-53.174 (West 2014).

Ms. Hall would have been required to do all this when the lien filed was fraudulent (1 C.R. at 65; 2 C.R. at 48; 3 R.R. at 159; 4 R.R. at 26, 52; State's Exhibit 3). This is not a case where the consumer is in a dispute with a contractor because the consumer asked for a bronze faucet instead of a chrome one. This is a case of Roger threatening to bankrupt Ms. Hall unless she handed over a house, and these actions are not reasonably addressed by making the victim come up with $97,000 and having to follow complicated and time intensive statutes. *See* Tex. Prop. Code § 53.172-53.174.

***Discharging the lien under 53.157 is not an adequate punishment for Appellants' fraudulent criminal actions.***

Section 53.157 permits the discharge of a lien if:
- the victim pays the lien;
- the lien holder sues the victim;

- a judgment is filed discharging the lien, presumably from a civil suit as discussed *supra*;
- the victim complies with the bond statutes, as discussed *supra*; or
- there is a civil proceeding under 53.160, as discussed *supra*.

*See* Tex. Prop. Code Ann. § 53.157 (West 2014).

This statute covers most of the Texas Construction Association's argument, and is not persuasive in why Appellants' actions should not be criminal. All of these options placed a large burden on Ms. Hall, who was being victimized through wholly fraudulent liens filed by her brother and father as retaliation for evicting her father from the rental property and in an elaborate attempt to extort the house from her (1 C.R. at 65; 2 C.R. at 48; 3 R.R. at 159; 3 R.R. at 39, 45, 46, 48; 4 R.R. at 26, 52; State's Exhibit 3).

***The fact that there are limitations on liens that prevent a lienholder from improper payment is irrelevant in a fraudulent situation where the lienholder is owed nothing.***

While this statute would be a useful safeguard if a contractor and consumer were in a dispute over the price of materials used in a contracted job, this section does not help victims of fraud. *See* Tex. Prop. Code Ann. § 53.024 (West 2014). Here, there was not a dispute over work performed, in fact there was no contract for any work while Appellants were living rent-free in Ms. Hall's rental property (1 C.R. at 65; 2 C.R. at 48; 3 R.R. at 37, 159; 4 R.R. at 26, 52; State's Exhibit 3). This is not a case of Ms. Hall wanting to limit the cost of home repairs that she felt

12

she was overcharged for; this is a case of Appellants filing fraudulent documents in the attempt to cause great financial strain on Ms. Hall.

***The fact that a filed lien can be amended is irrelevant in a fraudulent situation where the lienholder is owed nothing.***

This case, and what 32.46(a)(1) criminalizes, is not simply an error in a lien. The statute criminalizes deceiving another with the intent to defraud or harm. *See* Tex. Penal Code § 32.46. The State has to prove this fraud and deception beyond a reasonable doubt. *See id.* Section 32.46(a)(1) does not criminalize an error made by a contractor, it criminalizes a contractor trying to execute a fraudulent lien by deception. *See id.*

**The Legislature does not think it is unreasonable and excessive to punish a contractor for fraudulent behavior as evidenced by Texas Penal Code § 32.49.**

Under the Texas Construction Association's argument, 32.49 would also be excessive and unreasonable since the civil statutes it cited can release an invalid lien and impose civil penalties for that invalid lien. There has been no dispute in this case that 32.49 criminalizes refusal to execute a release of a fraudulent lien. *See* Tex. Penal Code Ann. § 32.49 (West 2011). This statute shows that the Legislature was willing to criminalize fraudulent actions in relation to liens and did not think it was unreasonable and excessive in light of the existing civil statutes. *See id.* In fact, the Legislature enacted 32.49, an amendment to 32.46, and Civil Practice and Remedies Code 12.002 in the same house bill, with the same intent

13

across all three to protect documentary integrity and to protect victims of fraud. Act of May 21, 1997, 75th Leg., R.S., ch 189, § 2, 1997 Tex. Gen. Laws 189 (amended 2003) (current version at Tex. Penal Code § 32.46); Act of May 21, 1997, 75th Leg., R.S., ch 189, § 4, 1997 Tex. Gen. Laws 189; Act of May 21, 1997, 75th Leg., R.S., ch 189, § 16, 1997 Tex. Gen. Laws 189 (amended 1999) (current version at Tex. Civil Prac. & Rem. Code § 12.002); House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185, 75th Leg. R.S. (1997).

## PRAYER

Civil penalties alone are not sufficient to deter or punish Appellants' actions. This Court should reverse the judgment of the Second District Court of Appeals, find that the evidence is sufficient to uphold Appellants' convictions, and affirm the judgment of the trial court. The State of Texas prays that the Court affirm the judgment of the Court of Appeals.

Respectfully submitted,

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

LARA TOMLIN
Assistant Criminal District Attorney
1450 East McKinney
Denton, TX 76209
State Bar No. 24075169
(940) 349-2600
FAX (940) 349-2751
lara.tomlin@dentoncounty.com

15

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Reply to the Texas Construction Association's Brief of *amicus curiae* in the instant cause contains a word count of 3217, said count being generated by the computer program Microsoft Word that was used to prepare the document.

_____
LARA TOMLIN


## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August 2015, a true and correct copy of the State's Reply to the Texas Construction Association's Brief of *amicus curiae* was sent through efile.txcourt.gov by electronic mail to: (1) Applicant's Counsel, Matthew J. Kita, matt@mattkita.com; (2) Texas Construction Association's Counsel, John S. Polzer, jpolzer@canteyhanger.com, Chris A Brown, cbrown@canteyhanger.com; and (3) the State Prosecuting Attorney, Lisa C. McMinn, information@spa.texas.gov.

_____
LARA TOMLIN
Assistant Criminal District Attorney

16